UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IITWI, LLC | CIVIL ACTION |
| VERSUS | NUMBER 10-762-JJB-DLD |
| BRIAN WARD AND DOCRX, INC. | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff IITWI, LLC's motion to remand (rec. doc. 13), which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 19). The issue before the court is whether there is diversity of citizenship between the parties and specifically, whether Chris Lee, one of the members of IITWI, LLC, is a citizen of Louisiana or Alabama.

### Factual Background

On September 8, 2010, IITWI, LLC (IITWI) brought suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against Brian Ward and DocRX, Inc. for "breach of contract, bad faith conduct in connection with execution of a contract, and unfair and deceptive trade practices" (rec. doc. 1-1).

After suit was filed in state court, defendants removed this matter on the basis of diversity jurisdiction, 28 U.S.C. §1332. Defendants' petition for removal states that plaintiff IITWI is a Louisiana limited liability company, whose members, Mickey Guidry, Jesse Daigle, and Chris Lee, were citizens of Louisiana at the time both the petition and removal were filed; defendant DocRX is an Alabama corporation with its principal place of business in Alabama; and defendant Ward is a citizen of Alabama (rec. docs. 1, 7 and 22). Plaintiff

IITWI filed a motion to remand arguing that one of its members, Chris Lee, is currently and has been at all times since the filing of this action, a resident and domiciliary of Mobile, Alabama, which destroys diversity jurisdiction (rec. doc. 13). Defendants responded to the motion to remand by arguing that based on the facts established in Chris Lee's July 7, 2011, deposition, Lee is a citizen of Louisiana (rec. doc. 19).

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008). This matter was removed based on diversity jurisdiction, 28 U.S.C. §1332; therefore defendants must establish that the parties are of diverse citizenship, which must exist at the time the action is commenced and at the time of removal to federal court. *Coury v. Port*, 85 F.3d 244, 249 (5th Cir. 1996), and that the amount in controversy is satisfied. The amount in controversy is not an issue in this case.

Plaintiff IITWI is a limited liability company. The citizenship of a limited liability company is established by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The parties agree that two of the members of IITWI, Mickey Guirdy and Jesse Daigle, are citizens of Louisiana. There is a dispute,

however, over whether the third member of IITWI, Chris Lee, is a citizen of Louisiana or Alabama (rec. docs. 7 and 13). Defendants Ward and DocRX are citizens of Alabama (rec. doc. 7). Thus, if Lee is a citizen of Alabama, there is no diversity of citizenship, and this court is without subject matter jurisdiction over this matter.

The case law is clear that the citizenship of an individual is based on where the individual is "domiciled" as opposed to where the individual "resides." *Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996). There is a presumption in favor of continuing domicile which requires the party seeking to show a change of domicile to come forward with enough evidence to that effect to withstand a directed verdict. Id., at 250. The party attempting to show a change of domicile assumes the burden of going forward on that issue, but the ultimate burden on the issue of jurisdiction rests with the party invoking federal jurisdiction. Id.

In order to defeat the presumption and establish a new domicile, the person attempting to show a change in domicile must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely. *Acridge v. The Evangelical Luteran Good Samaritan Society*, 334 F.3d 444 (5th Cir. 2003). As the Fifth Circuit in *Coury v. Prot*, supra., explained, "[a] person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent. On the other hand, mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Coury v. Prot*, 85 F.3d 250. Courts have held that a "floating intention" or vague possibility to move or return to a former domicile at some undetermined time in the future will not defeat the acquisition of new domicile for diversity purposes if the intent to remain at the new domicile is genuine. *Gilbert v. David,* 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Hardin v. McAvoy*, 216 F.2d 399 (5th Cir.

1954); *Ewert v. Holzer Clinic, Inc.*, 2010 WL 3063226 (S.D. Ohio 2010). The intention to return to a former domicile upon the occurrence of some specific reasonably foreseeable event, such as a graduation or end of training period, has been held not to be a "floating intention." *Ewert*, at *6, citing *Gates v. Commissioner of Internal Revenue*, 199 F.2d 291, 294 (10th Cir. 1952).

When making a determination of an individual's domicile, the district court may look to any record evidence and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties. *Coury,* at 249, citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967). The court considers various factors, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." Id., citing *Lew v. Moss*, 797 F.2d 747 (9th Cir.1986); *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir.) cert. denied, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972); 1 J. Moore, Moore's Federal Practice § 0.74 [3.-3] n. 18 (1996) (citing authorities). No single factor is determinative, but rather, the court should consider all of the evidence shedding light on the individual's intention to establish domicile. Id. Further, an individual's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts. Id., citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir.1985); *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir.) cert. denied, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972).

It is undisputed that Lee was domiciled in Louisiana for approximately sixteen years prior to moving to Mobile, Alabama, in August 2010, to be closer to his children who moved

to Spanish Fort, Alabama after Lee and his wife separated in June 2010 (rec. doc. 19-1, pp. 1-19, 32). It is also undisputed that Lee resided in Alabama at the time the petition and removal were filed in September 2010, and November 2010, respectively. Id. What is disputed is whether Lee intended to remain in Alabama indefinitely.

The court looks at both Lee's statement of intent as well as the physical manifestations of his intent to determine whether he intends to remain in Alabama. Lee testified in his deposition that at the time the petition and removal were filed, he maintained a Louisiana driver's license; he was registered to vote in Louisiana; he owned a home in Baton Rouge, Louisiana, where he still kept some furniture and personal items and where he stayed several times when he visited friends and conducted business in Louisiana throughout 2010; he maintained bank accounts in Baton Rouge, Louisiana; he was a member of and attended church in Baton Rouge, Louisiana, when he visited during 2010; he owned a vehicle registered in Louisiana; he maintained car insurance on both of his vehicles through an insurance agency located in Baton Rouge, Louisiana; and he maintained life insurance with an agency located in Baton Rouge, Louisiana (rec. doc. 19-1).

Lee testified, however, that when he decided to move to Alabama, he sold as much of his property as possible, including his land in Monterey, Louisiana, and his membership in a golf club (rec. doc. 19-1, pp. 20 and 22, 35). Id. He testified that the family home in Baton Rouge, Louisiana, is for sale but that he has been unable to sell it, that he has not made a payment on the home in six months, and that he would give it to the bank if they could work out a deal (Id., at p. 36, 45). After moving to Alabama, Lee entered into a lease-purchase of a home in Mobile, Alabama; he purchased a vehicle and registered that vehicle

in Alabama; he opened a checking and savings account in Alabama; he joined a church in Alabama; he began to establish professional relationships in Alabama; he works out of his home in Alabama; he uses a CPA in Alabama, and he plans to file his 2011 income tax returns in Alabama (rec. doc. 19-1, pp. 18-40). Lee testified that he moved to Alabama to be closer to his children, but that he always intended to move back to Baton Rouge, Louisiana, if he could get his wife and children to agree to move back to Baton Rouge, Louisiana (rec. doc. 19-1, pp. 33). Although he indicated that there was some vague indication that his family might agree to move back to Baton Rouge, Louisiana, he stated that he intends to maintain his residence in Alabama for the foreseeable future and that he has no current plans to move back to Baton Rouge, Louisiana (Id., at pp. 32-38). Lee specifically stated that he would stay in Alabama until his children, who are currently in the fourth and seventh grades, graduated from high school if that was the wish of his wife and children, and that he has plans to sell his home in Mobile and move to Spanish Fort, Alabama to be closer to his children (Id., at pp. 43-45).

Although it is difficult to establish deep roots in a new community in the short period of time that Lee has lived in Mobile, Alabama, it is clear that Lee has taken affirmative steps to make a permanent residence in Alabama, including buying a home, opening bank accounts, purchasing and registering his vehicle, establishing professional relationships, and joining a church. These steps to establish a new life in Alabama coupled with Lee's acts to abandon his former life in Louisiana, by selling property and placing property for sale, indicate that Lee intends to remain in Alabama for the foreseeable future. Although Lee expresses contradictory statements concerning his intent to return to Baton Rouge, Louisiana, in his deposition, it is clear that Lee has no current plans to return to Baton

Rouge and intends to reside in Alabama for as long as his wife and children remain in Alabama.  Thus, considering both Lee's physical and verbal manifestations of intent, IITWI has carried its burden of proving that Lee changed his domicile prior to the time suit was filed in this matter and that Lee is a citizen of Alabama for purposes of establishing diversity jurisdiction.   Because Lee's Alabama citizenship destroys diversity jurisdiction, this court does not have subject matter jurisdiction over this matter, and plaintiff IITWI's motion to remand should be granted.   Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 13) should be **GRANTED**, and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 19, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IITWI, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-762-JJB-DLD** |
| **BRIAN WARD AND DOCRX, INC.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 19, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**